IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GLEN E. WILDER, JR., | ) | |
|     Plaintiff, | ) | Civil Action No. 7:20cv00511 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN WALKER, et al., | ) | By:  Hon. Thomas T. Cullen |
|     Defendants. | ) |        United States District Judge |

Plaintiff Glen E. Wilder, Jr., a Virginia inmate proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983, against the Warden of Dillwyn Correctional Center, a doctor, two nurses, the Director of the Virginia Department of Corrections ("VDOC"), and the Chief Medical Director of the VDOC. Having reviewed Wilder's complaint, the court concludes that Wilder fails to state a cognizable federal claim against the named defendants and that his complaint is untimely filed. Therefore, the court will dismiss Wilder's complaint pursuant to 28 U.S.C. § 1915A(b)(1).

Wilder alleges that, on November 20, 2016, he slipped and fell on a wet floor that did not have any "wet floor" signs. As a result of the fall, Wilder claims he tore his anterior cruciate and medial collateral ligaments and did not receive proper medical care. He also states that he was deprived use of a knee brace. Wilder does not describe how any of the named defendants acted, or failed to act, in violation of his federal rights. In fact, their names appear only in the caption of Wilder's complaint.

To state a cause of action under § 1983, a plaintiff must allege facts indicating he has been deprived of rights guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from conduct committed by a person acting under color of state law.

*West v. Atkins*, 487 U.S. 42 (1988). "While a court must accept the material facts alleged in the complaint as true, statements of bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (citation omitted).

The Eighth Amendment protects prisoners from cruel and unusual living conditions. In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege that the living conditions violated contemporary standards of decency, and that prison officials were deliberately indifferent to those conditions. *Wilson v. Seiter*, 501 U.S. 294 (1991). To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Conner v. Donnelly*, 42 F.3d 220, 222 (4th Cir. 1994); *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 492 (E.D. Va. 1995). Wilder has not alleged sufficient facts for the court to determine that any of the named defendants were deliberately indifferent to his living conditions or to any serious medical need. Therefore, the court concludes that Wilder's complaint fails to state a cognizable federal claim against the named defendants.

Moreover, Wilder's complaint is also untimely filed. A § 1983 claim based on events that occurred in Virginia is subject to Virginia's statute of limitations for general personal injury claims, *see Owens v. Okure*, 488 U.S. 235, 239-40 (1989), which requires an action be brought within two years of its accrual. Va. Code § 8.01-243(A); *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011) (explaining that the statute of limitations for § 1983 claims is the state limitations period for personal injury actions and, in Virginia, that period is two

years). The events underlying Wilder's complaint arose in 2016. Wilder filed this action on August 21, 2020, nearly four years after he slipped and fell.[1] Accordingly, the court concludes that Wilder's complaint is untimely filed. For these reasons, the court will dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1).

**ENTERED** this 2nd day of November, 2020.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[1] In *Battle v. Ledford*, 912 F.3d 708 (4th Cir. 2019), the Court of Appeals for the Fourth Circuit concluded that, because the Prison Litigation Reform Act requires administrative exhaustion, application of federal equitable tolling principles is appropriate to account for the time prisoners spend exhausting their administrative remedies. *Id.* at 718-20. Such equitable tolling applies, however, only when the prisoner shows "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 718 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Wilder does not discuss his exhaustion of administrative remedies, let alone show that he diligently pursued them or that some extraordinary circumstance stood in his way.